Danielle Light, Esq.
Hasbani & Light, P.C.
450 Seventh Ave, Suite 1408
Telephone: (212) 643-6677
dlight@hasbanilight.com

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
WINDWARD BORA LLC,

                  Plaintiff,                                **VERIFIED COMPLAINT**

      -against-

ADIN ARGUETA, IRMA REYES, SUNRUN, INC., NEW
YORK STATE DEPARTMENT OF TAXATION &
FINANCE, JOHN DOE #1 THROUGH #12,

                 Defendant(s).
-------------------------------------------------------------------X

Plaintiff, Windward Bora LLC (hereinafter "Plaintiff"), by and through its attorneys, Hasbani & Light P.C. as and for its Amended Verified Complaint of foreclosure of the premises and mortgage against Adin Argueta, Irma Reyes, and John Doe #1 through #12 (the "Defendants"), respectfully alleges upon information and belief as follows:

**NATURE OF THE ACTION**

1.    This is an action brought pursuant to New York Real Property Actions and Proceedings Law, Section 1301 *et seq.*, to foreclose on a mortgage encumbering the property commonly known as 5 Doolittle Street, Brentwood, New York 11717, known on the Suffolk County Tax Map as DISTRICT: 0500 SECTION: 135.00 BLOCK: 01.00 LOT: 059.000 in the County of Suffolk, and State of New York (the "Subject Property"). The Legal Description of the property is annexed hereto as **Exhibit "A"**.

## PARTIES

2. Windward Bora LLC ("Windward Bora") is a single-member limited liability company, whose sole member is a citizen of the State of Florida. For the purposes of diversity, Windward Bora is a citizen of the State of Florida.

3. Adin Argueta, upon information and belief, is a resident and citizen of the State of New York, having an address at 5 Doolittle Street, Brentwood, New York 11717. Adin Argueta is a necessary party defendant to this action by virtue of the fact that she (i) was present at the time of the execution of the Note and Mortgage (as such terms are defined below); (ii) is the obligor under the Note; and (iii) is the Mortgagor under the Mortgage.

4. Irma Reyes, upon information and belief, is a resident and citizen of the State of New York, having an address at 5 Doolittle Street, Brentwood, New York 11717. Irma Reyes is a necessary party defendant to this action by virtue of the fact that she (i) was present at the time of the execution of the Note and Mortgage (as such terms are defined below); (ii) is the obligor under the Note; and (iii) is the Mortgagor under the Mortgage. (Adin Argueta and Irma Reyes will collectively be referred to as the "Borrowers".)

5. Sunrun, Inc. upon information and belief, has an address and usual place of business at 595 Market Street, 29th Floor, San Francisco, California 94105.Sunrun, Inc. is a necessary party defendant by virtue of having filed a UCC Financing Statement against the borrower(s) and/or the Subject Property in the Suffolk County Clerk's Office on December 15, 2016 under Num: U20160009034. For the purposes of diversity jurisdiction, it is a citizen of the State of California.

6. New York State Department of Taxation & Finance, upon information and belief, has an address and usual place of business at W.A. Harriman Campus, Building 9, Albany, New

York 12227. New York State Department of Taxation & Finance is a necessary party defendant to this action by virtue of being a judgment creditor against the property.

7. The Defendants "John Doe #1 through #12" are additional parties being the tenants, occupants, persons, or corporation, if any, having or claiming an interest in or lien upon the Property. See NYRPAPL §§ 1311, 1312 and 1313.

8. Each of the above-named defendants has or claimed to have or may claim to have some interest in or lien upon said mortgaged premises or some part thereof, which interest or lien, if any, has accrued subsequent to, or is adverse to, the lien of said Mortgage.

## JURISDICTION AND VENUE

9. This Action is between citizens of different states. The amount in controversy, exclusive of interest and costs, exceeds $75,000.00. Therefore, jurisdiction is based upon diversity of citizenship pursuant to 28 U.S.C. §1332.

10. Venue is deemed proper in this District pursuant to 28 U.S.C. §1391. A substantial part of the events giving rise to this action took place within the jurisdiction of this court and the Subject Property is located in this district.

## AS AND FOR PLAINTIFF'S CAUSE OF ACTION

11. This action is brought to foreclose a mortgage made by Adin Argueta and Irma Reyes (collectively referred hereinto as the "Borrowers"), set out as follows: Mortgage dated May 22, 2007 made by the Borrowers to National City Bank to secure the sum of $63,000.00 and interest, recorded on October 30, 2007 in Liber M00021627, Page 108 in the Suffolk County Clerk's Office. Said lien covers premises known as 5 Doolittle Street, Brentwood, New York 11717. A copy of the Mortgage is annexed hereto as **Exhibit "B"**.

12. On May 22, 2007, the Borrowers executed and delivered a Note to National City Bank in the amount of $63,000.00. A copy of the Note with Allonges is annexed hereto as **Exhibit "C".**

13. On September 3, 2010, the Mortgage was assigned by written Assignment to DBI/ASG Mortgage Holdings, LLC. This Assignment was recorded on June 26, 2017 in the Suffolk County Clerk's Office in LIBER: M 22829 PAGE: 121. The Note was transferred by the affixation of a proper Allonge.

14. On October 2, 2017, the Mortgage was further assigned by written Assignment to Windward Bora. This Assignment was recorded on December 12, 2017 in the Office of the Suffolk County Clerk's Office in LIBER: M 22883 PAGE: 368. The Note was transferred by the affixation of a proper allonge. Copies of the aforementioned assignments are annexed hereto as "**Exhibit D**", respectively.

15. Any applicable recording tax was duly paid at the time of recording said mentioned Mortgage.

16. The terms of the Note and Mortgage were modified by a loan modification dated August 23, 2019 and the principal balance was increased to $124,751.42. A copy of the Loan Modification is annexed hereto as **"Exhibit E".**

17. Plaintiff is in physical possession of and is the owner and holder of the original Note.

18. The Borrowers failed to comply with the terms and provisions of the said Loan Modification and said instruments secured by the Mortgage, by failing to make the Monthly Payments due on the first day of every month beginning December 1, 2019. The Borrowers' default continues to date.

19. Plaintiff has complied with the contractual provisions in the loan documents in that the Default Notice to cure was issued on May 4, 2022 to the Borrowers (the "Default Notice") advising of their continuing default under the Note and Mortgage, if the arrears are not cured, Plaintiff may declare that the outstanding principal balance due under the Note, together with all accrued interest thereon is immediately due and payable. The 90-day notice provided by RPAPL 1304(1) was issued on May 4, 2022 to the Borrowers. Plaintiff has complied with the registration requirements of RPAPL 1306(1). Copies of the Default Notices and 90-day notices with proof of mailing and registration are annexed hereto as "**Exhibit F**".

20. Pursuant to RPAPL Section 1302 as amended, complied with all of the provisions of section five hundred ninety-five-a of the banking law and any rules and regulations promulgated thereunder, section six-l or six-m of the banking law, and section thirteen hundred four of this article, except where it is exempt from doing so.

21. Plaintiff is in compliance with Section Nine-X of the New York State banking law, if applicable.

22. As of the date herein, the Borrowers have failed to respond to the Default Notices.

23. Plaintiff hereby declares that the outstanding principal balance due under the Note, as modified by the loan modification, together with all accrued interest thereon is immediately due and payable.

24. Due to the above-described default, the Borrowers are indebted to Plaintiff pursuant to the terms of the Note and Mortgage and Loan Modification for:

   a. The unpaid principal amount due under the Note, and all accrued and unpaid interest and late charges which sum as of August 4, 2022, amounts to $135,939.74;

  b. Attorney's fees and other costs and disbursements, payable to Windward Bora LLC under the terms of the Note, which will accrue until the amount due and payable under the Note is paid in full; and

  c. Any and all additional fees that are due or may become due and payable as provided under the terms and conditions of the Note and Mortgage are paid in full.

25. Plaintiff requests that in the event that this action will proceed to judgment of foreclosure and sale, said premises should be sold subject to the following:

  a. Any state of facts that an inspection of the premises would disclose.

  b. Any state of facts that an accurate survey of the premises would show.

  c. Covenants, restrictions, easements and public utility agreements of record, if any.

  d. Building and zoning ordinances of the municipality in which the Mortgaged premises are located and possible violations of same.

  e. Any right of tenants or person in possession of the subject premises.

  f. Any equity of redemption of the United States of America to redeem the premises within 120 days from date of sale.

  g. Prior lien(s) of record, if any.

26. In the event that Plaintiff possesses any other lien(s) against said mortgaged premises either by way of judgment, junior mortgage or otherwise, Plaintiff requests that such other liens(s) shall not be merged in Plaintiff's cause(s) of action set forth in this Complaint, but that Plaintiff shall be permitted to enforce said other lien(s) and/or seek determination of priority thereof in any independent action(s) or proceeding(s), including, without limitation, any surplus money proceedings.

27. Plaintiff shall not be deemed to have waived, altered, released or changed the election hereinfore made, by reason of any payment after the commencement of this action, of any or all of the defaults mentioned herein, and such election shall continue and remain effective.

28. No other action or proceeding has been commenced or maintained or is now pending at law or otherwise for the foreclosure of said Mortgage or for recovery of the said sum secured by said Note and Mortgage or any part thereof.

**WHEREFORE**, the Plaintiff demands judgment that the Defendants and each of them and all persons claiming under them or any of them, subsequent to the commencement of this action and the filing of a notice of pendency thereof, be barred and foreclosed of and from all estate, right, title, interest, claim, lien and equity of redemption of, in and to the said mortgaged premises and each and every part and parcel thereof; that the premises may be decreed to be sold in one parcel, according to law, subject to the terms set forth in this complaint; that the monies arising from the sale thereof may be bought into Court; that the Plaintiff may be paid the amount due on the Note and Mortgage as hereinfore set forth, with interest and late charges to the time of such payment and the expenses of such sale, plus reasonable attorney's fees, together with the costs, allowances and disbursements of this action, and together with any sums from the dates incurred by Plaintiff pursuant to any term or provision of the Note and Mortgage set forth in this complaint, or to protect the lien of Plaintiff's Mortgage, together with interest upon said sums from the dates of the respective payments and advances thereof, so far as the amount of such monies properly applicable thereto will pay the same; that this Court forthwith appoint a receiver of the rents and profits of said premises during the pendency of this action with the usual powers and duties; and that Defendants Adin Argueta and Irma Reyes. may be adjudged to pay the whole residue (unless discharged of this debt by the United States Bankruptcy Court), or so much thereof as the Court

may determine to be just and equitable, of the debt remaining unsatisfied after a sale of the mortgaged premises and the application of the proceeds pursuant to the directions contained in such judgment, and that in the event that Plaintiff possesses any other lien(s) against said mortgage premises either by the way of judgment, junior mortgage or otherwise, Plaintiff requests that such other lien(s) shall not be merged in Plaintiff's cause(s) of action set forth in this complaint but that Plaintiff shall be permitted to enforce said other lien(s) and/or seek determination of priority thereof in any independent action(s) or proceeding(s), including, without limitation, any surplus money proceedings, that an order be entered compelling that the tenants deliver possession of the premises to Plaintiff, and that the Plaintiff may have such other and further relief, or both, in the premises, as may be just and equitable.

Dated: August 29, 2022
      New York, New York

                                  Yours, etc.

                                  By:    */s/ Danielle Light*
                                            Danielle Light, Esq.

## **VERIFICATION BY ATTORNEY**

**Danielle Light**, an attorney duly admitted to practice before the courts of this state and associated with the attorneys of record for the plaintiff, affirms under the penalties of perjury that: I have read the foregoing Complaint and the same is true to my own knowledge except as to matters alleged to upon information and belief as to those matters I believe them to be true. The grounds of my belief as to matters not based upon personal knowledge are communications with plaintiff or officers and/or agents of plaintiff and copies of plaintiff's records in my possession. This affirmation is made by me because plaintiff is not in a county in which my firm has its office.

Dated: August 29, 2022
       New York, New York

                              Yours, etc.

                              By:    */s/ Danielle Light*
                                     Danielle Light, Esq.