FILED
CLERK

3/4/2026 4:29 pm

U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
────────────────────────────────────────X

WINDWARD BORA LLC,

                Plaintiff,

      -against-

ADIN ARGUETA, IRMA REYES and SUNRUN,
INC.,

                Defendants.
────────────────────────────────────────X

For Online Publication Only

**ORDER**
22-CV-5236 (JMA) (ARL)

**AZRACK, United States District Judge:**

Plaintiff Windward Bora LLC ("Windward") commenced this mortgage foreclosure action against Defendants Adin Argueta, Irma Reyes, and Sunrun, Inc., (collectively "Defendants"), on September 1, 2022. (See Compl., ECF No. 1.) On March 6, 2025, the parties filed cross-motions for summary judgment. (ECF Nos. 41-43.) On October 21, 2025, this Court referred the parties' motions to Magistrate Judge Arlene R. Lindsay for a Report and Recommendation ("R&R"). (See Elec. Order dated Oct. 21, 2025.)

Before this Court are the parties' cross-motions for summary judgment and Judge Lindsay's R&R, which recommends that both motions be denied. (ECF No. 45.) No objections to the R&R have been filed; the time for doing so has expired.[1] For the reasons stated below, the R&R is adopted in its entirety.

A district court may "accept, reject, or modify, in whole or in part, the findings or

---

[1] Objections to the R&R were originally due December 24, 2025. (See ECF No. 45 at 12-13) ("Any objections to this Report and Recommendation must be filed with the Clerk of the Court with a courtesy copy to the undersigned within 14 days. Failure to file objections within this period waives the right to appeal the District Court's Order.") (citing 28 U.S.C. § 636(b)(1); Fed R. Civ. P 72; Mejia v. Roma Cleaning, Inc., No. 17-3446, 2018 U.S. App. LEXIS 28235, 2018 WL 4847199, at *1 (2d Cir. Oct. 5, 2018) ("Plaintiff has waived any objections to the Magistrate's finding" by failing to timely object); Wagner & Wagner, LLP v. Atkinson, Haskins, Nellis, Brittingham, Gladd & Carwile, P.C., 596 F.3d 84, 92 (2d Cir. 2010); Beverly v. Walker, 118 F.3d 900, 902 (2d Cir. 1997)).

recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1); see also FED. R. CIV. P. 72(b)(3); Grassia v. Scully, 892 F.2d 16, 19 (2d Cir. 1989). "Where parties receive clear notice of the consequences, failure to timely object to a magistrate's report and recommendation operates as a waiver of further judicial review of the magistrate's decision." Smith v. Campbell, 782 F.3d 93, 102 (2d Cir. 2015) (quoting Mario v. P & C Food Mkts., Inc., 313 F.3d 758, 766 (2d Cir. 2002)); see also Phillips v. Long Island R.R. Co., 832 F. App'x 99, 100 (2d Cir. 2021) (same). In the absence of any objections, "the district court need only satisfy itself that there is no clear error on the face of the record." Estate of Ellington ex rel. Ellington v. Harbrew Imports Ltd., 812 F. Supp. 2d 186, 189 (E.D.N.Y. 2011) (internal citations omitted).

Clear error will be found only when, upon review of the entire record, the Court is "left with the definite and firm conviction that a mistake has been committed." United States v. Snow, 462 F.3d 55, 72 (2d Cir. 2006) (quoting United States v. Garcia, 413 F.3d 201, 222 (2d Cir. 2005)).

The Court has carefully reviewed the record and the unopposed R&R for clear error and, finding none, hereby adopts Judge Lindsay's thorough and well-reasoned R&R in its entirety as the opinion of the Court.

Accordingly, the parties' cross-motions for summary judgment are DENIED. The Clerk of Court is directed to terminate the motions at ECF Nos. 41-43.

**SO ORDERED.**

Dated: March 4, 2026
Central Islip, New York

                                        _____/s/ (JMA)_____
                                         JOAN M. AZRACK
                                         UNITED STATES DISTRICT JUDGE